UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BANK OF NEW YORK AS TRUSTEE FOR CERTIFICATEHOLDERS CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2006-24, | : : : : | CIVIL ACTION NO. 3:13-0690 (JUDGE MANNION) |
| Plaintiff | : | |
| v. | : | |
| AMY J. BATES f/k/a AMY J. JONES and RICHARD BATES, | : : | |
| Defendants | : | |

## MEMORANDUM

Pending before the court is the defendants' motion to dismiss the plaintiff's amended complaint, (Doc. 14). Based upon the court's review of the motion and related materials, the defendants' motion to dismiss will be **DENIED**.

The defendants' motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See* Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the

2

court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See*, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

Accepted as true, the allegations of the plaintiff's amended complaint provide that defendant Amy J. Bates, formerly known as Amy J. Jones, ("Bates/Jones"), is the owner of a parcel of real property located at 1712 Forest Acres Drive, Clarks Summit, PA, ("Residential Property").

On March 24, 2000, Bates/Jones received a loan for $105,000 from Saxon Mortgage, Ltd. secured by a mortgage on the Residential Property. The plaintiff later married defendant Richard Bates.

On March 19, 2003, the defendants acquired a 1.91 acre parcel of vacant property adjacent to the Residential Property from Bates/Jones' relative, Shirley Cosner, for $1.00, ("Vacant Property"). The Vacant Property and the Residential Property have distinct legal descriptions, but the same mailing address.

In or around October 2006, Bates/Jones approached Franklin First Financial, Ltd., ("Franklin"), and requested a loan which was to be used, in part, to pay off the amounts under the Saxon Loan and which was to be secured against the Residential Property.

On October 19, 2006, Bates/Jones, in her own name and without the participation of Mr. Bates, submitted a loan application to Franklin through which she sought a loan in the amount of $164,500 to refinance the Residential Property located at 1712 Forest Acres Drive, Clarks Summit, PA. In the application, Bates/Jones represented, among other things, that:

a. Property located at 1712 Forest Acres Drive, Clarks Summit, PA would be used to secure the loan;

b. The property located at 1712 Forest Acres Drive, Clarks Summit, PA, which would be used to secure the loan would be her "primary residence";

c. The property located at 1712 Forest Acres Drive, Clarks Summit, PA, which would be used to secure the loan was a single family residence;

d. The property located at 1712 Forest Acres Drive, Clarks Summit, PA, which would be used to secure the loan had a value of $235,000; and

e. She intended to occupy the property which would be used to secure the loan as her "primary residence."

Although Mr. Bates did not sign the loan application because he was not an owner of the intended collateral, i.e., the Residential Property, he at all times knew and understood that the loan was to be used, in part, to pay off the Saxon Loan and that the loan was to be secured against the Residential Property. In addition, Mr. Bates signed the mortgage securing the loan and represented therein that he would occupy the property securing the loan as his principal residence.

In connection with the loan application, an appraisal was obtained on October 19, 2006, which reflected that the property located at 1712 Forest Acres Drive, Clarks Summit, PA, which would be used to secure the loan:

a. Is a single family residence with 2004 square feet of improved space, consisting of a total of (5) rooms, including two (2) bedrooms and two (2) bathrooms;

b. "Is a ranch style home erected in 2005 with some finish work needed such as trim and several closet doors. There is a full basement under the living area and a crawl space under the porch;

c. Is situated on a 1.931 acre parcel of property;

d. Is worth $235,000.

The appraisal included a "Subject Photo Page" with photographs depicting the property located at 1712 Forest Acres Drive, Clarks Summit, PA, which would be used to secure the loan as a residence, not a vacant lot.

Bates/Jones signed an Appraisal Disclosure on October 19, 2006, acknowledging the Appraisal.

In connection with the loan application, Bates/Jones submitted an insurance policy proof of coverage to Franklin. The Proof of Insurance indicated that defendants had secured insurance to cover a "dwelling" or "residence premises" that is located at 1712 Forest Acres Drive, Clarks Summit, PA.

Based on Bates/Jones' representations in the loan application and the Proof of Insurance and the information in the Appraisal that Bates/Jones acknowledged, on October 19, 2006, Franklin granted a loan to Bates/Jones in the amount of $164,500. The terms of the loan, including Franklin's and Bates/Jones' respective rights, duties, entitlements, and liabilities, were memorialized in a written contract, (the "Franklin Note"), which Bates/Jones signed. Above Bates/Jones' signature on the signature page of the Franklin Note is the statement "WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED," and the pre-printed word "Seal" appears directly next to Bates/Jones' signature.

The Franklin Note provided that in exchange for the sums provided by Franklin, Bates/Jones was required to pay Franklin the principal balance of $164,500 plus interest and other charges. Bates/Jones agreed that she would make monthly payments on the first day of each month beginning on December 1, 2006, until all sums due under the Franklin Note were satisfied.

Bates/Jones further agreed that she would be in default if she failed to pay the full amount of each monthly payment on the date it was due and that in the event of such default, Franklin would have the right to require her to pay the full amount of principal that had not been paid and all outstanding interest. The Franklin Note provided that if Bates/Jones failed to make payments as required under the terms of the Franklin Note, "The Note Holder will have the right to be paid back by [Bates/Jones] for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example reasonable attorneys' fees."

As security for the Franklin Note, Bates/Jones and Mr. Bates executed a mortgage in favor of Mortgage Electronic Registration Systems, Ltd., ("MERS"), as nominee for Franklin, ("Franklin Mortgage"). The Franklin Mortgage is recorded in the Office of the Recorder of Lackawanna County in instrument #200631882. The Franklin Mortgage was thereafter assigned by MERS, as nominee for Franklin, to Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2006-24, the plaintiff herein, by Assignment of Mortgage which has been recorded in the Office of Recorder of Lackawanna County as Instrument #200804237.

By executing the Franklin Mortgage, the defendants covenanted that they would occupy the encumbered property as their "principal residence." The Franklin Mortgage stated that the encumbered property was located at 1712 Forest Acres Drive, Clarks Summit, PA, which is the street address for

the Residential Property. However, the legal description of the property encumbered by the Franklin Mortgage erroneously listed only that of the Vacant Property. On information and belief, at or before the time they executed the Franklin Mortgage, defendants knew that the Franklin Mortgage erroneously omitted the legal description of the Residential property, and defendants deliberately failed to disclose or correct this error.

Bates/Jones used the money obtained through the Franklin Note to satisfy the debt owed under the Saxon Loan and, upon information and belief, to pay off approximately $30,000 of Bates/Jones' and/or Mr. Bates' credit card debt.

Defendant Bates/Jones is in default under the Franklin Note in that the monthly payments of principal and interest that were due on June 1, 2007, and each month thereafter, are due and unpaid. Plaintiff, by and through its former counsel, sent written notice to Bates/Jones advising her that she was in default under the Franklin Note and Mortgage and that if she failed to cure the default within thirty days, the entire balance of the loan would be due immediately. Bates/Jones failed to cure the default within thirty days or at any time thereafter.

Based upon the above allegations, the plaintiff brought the instant three-count action: Count I - Default/Breach of Contract against defendant Bates/Jones; Count II - Reformation by Mutual Mistake against both defendants; and Count III - Reformation by Unilateral Mistake against both

defendants.

In their motion to dismiss the plaintiff's amended complaint, the defendants initially argue that the plaintiff's breach of contract claim is barred by the four-year statute of limitations set forth in 13 Pa.C.S.A. §2725, Statute of Limitations in Contracts for Sale. Because the instant action does not allege a breach of a contract for sale, but instead alleges a breach of contract in relation to a promissory note – the Franklin Note – §2725 is inapplicable and the defendants' motion to dismiss will be denied on this basis.

Defendants further argue that the plaintiff's claims for reformation are barred by the four-year statute of limitations set forth in 42 Pa.C.S.A. §5524(a)(1). Here, as discussed by the plaintiff, the defendants' brief contains an apparent error, as §5524 does not provide for a four-year statute of limitations, but provides for a two-year statute of limitations, and does not contain a subsection (a)(1) as cited by the defendants. Although this was pointed out in the plaintiff's brief in opposition to the defendants' motion to dismiss, the defendants have not filed a reply brief to correct or clarify their argument. The court will not speculate as to the basis of the defendants' motion to dismiss. Instead, the motion will be denied on this basis.

The defendants next argue that all counts of the amended complaint must be dismissed as to Mr. Bates. The defendants argue here that Mr. Bates was not a party to the Franklin Note. For purposes the instant action, this is of no consequence, as the plaintiff has not brought a claim against Mr. Bates

related to the Franklin Note. Instead, the plaintiff's claim against Mr. Bates is for reformation of the Franklin Mortgage to which Mr. Bates is a party. This is demonstrated by a review of the Franklin Mortgage attached to the plaintiff's amended complaint which reflects that he is listed as a "Borrower" in the Franklin Mortgage; he initialed each of the first fourteen pages of the Franklin Mortgage; and he signed the final page of the Franklin Mortgage on a line designated for a "Borrower" and directly underneath a pre-printed statement that provides, "BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it."

Defendants claim that the instant action should be also dismissed with respect to Mr. Bates because he is not an owner of the Residential Property. Again, the plaintiff is seeking reformation of the Franklin Mortgage. Mr. Bates is an owner of the Vacant Property which is currently encumbered by the Franklin Mortgage. As such, Mr. Bates is a proper party for purposes of the plaintiff's claim to reform the Franklin Mortgage to encumber the Residential Property.

Finally, as to Mr. Bates, the defendants argue that the plaintiff's claims are improper because he obtained a discharge of debts in a Chapter 7 bankruptcy proceeding. Because the plaintiff is not attempting to collect a debt from Mr. Bates, but is only seeking reformation of the Franklin Mortgage to which Mr. Bates is a party, Mr. Bates's bankruptcy action is irrelevant for

purposes of the instant action against him.

For all of the foregoing reasons, the defendants' motion to dismiss the plaintiff's amended complaint against Mr. Bates will be denied.

Next, the defendants argue that the plaintiff's amended complaint should be dismissed with respect to Bates/Jones because the plaintiff has failed to sufficiently allege a claim for breach of contract as it has not pleaded facts to show that a contract was formed or that it sustained any damages. To the contrary, the allegations of the plaintiff's amended complaint, as set forth above, have sufficiently set forth a description of the Franklin Note's terms to demonstrate that the Franklin Note constituted a valid contract. Further, the amended complaint sufficiently alleges damages in the amount of $164,004.78, based upon Bates/Jones's failure to make required monthly payments, as well as related interest, costs and expenses. The defendants' motion to dismiss will therefore be denied on this basis as well.

Similarly, the defendants' argue that the plaintiff's claims for reformation by mutual mistake and reformation by unilateral mistake against Bates/Jones should be dismissed due to the plaintiff's failure to allege sufficient facts to support the formation of a contract. As the court has found that the plaintiff has properly set forth allegations related to the formation of a contract, this portion of the defendants' motion to dismiss will be denied as well.

Finally, the defendants argue that the plaintiff cannot sustain a claim for fraud in the inducement. Upon review of the amended complaint, the plaintiff

11

has not alleged a claim for fraud in the inducement. Therefore, the defendants' motion to dismiss will also be denied in this respect.

On the basis of the foregoing, an appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  March 28, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-0690-01.wpd