UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BANK OF NEW YORK AS TRUSTEE FOR CERTIFICATEHOLDERS CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2006-24,** | : : : : : | **CIVIL ACTION NO. 3:13-0690** (JUDGE MANNION) |
| **Plaintiff** | : | |
| v. | : | |
| **AMY J. BATES f/k/a AMY J. JONES and RICHARD BATES,** | : : | |
| **Defendants** | : | |

## **MEMORANDUM**

**I.  BACKGROUND**

On March 30, 2015, the court issued an order and entered judgment in favor of the plaintiff and against the defendants on Count I (Breach of Contract) and Count II (Reformation by Mutual Mistake) of the amended complaint. (Doc. 51). Judgment was entered against the plaintiff and in favor of the defendants on Count III (Reformation by Unilateral Mistake) of the amended complaint. In its accompanying memorandum, the court found that Mrs. Bates was obliged to pay the full amount of the unpaid principal of the $164,500.00 loan and all outstanding interest as damages under the terms of the Franklin Note, as well as related costs and expenses. (Doc. 50). However, the court found that the plaintiff had not produced sufficient evidence from which all damages could be calculated to a reasonable certainty as required

under Pennsylvania law. The court also found that the parties waived the right to a jury trial regarding all issues in this case and that the court would determine the amount of damages plaintiff was owed by Mrs. Bates due to her breach of the Franklin Note. See Fed.R.Civ.P. 39(b) ("Issues on which a jury trial is not properly demanded are to be tried by the court.").

On May 22, 2015, an order was issued scheduling a hearing on the plaintiff's request for damages for July 15, 2015. (Doc. 55). The order also directed counsel for the plaintiff to submit its brief and exhibits in support of its damages due to the breach of the Franklin Note by Amy J. Bates by June 15, 2015. Plaintiff's brief with exhibits was timely filed. (Doc. 57). Despite having received notice, the defendants failed to appear at the damages hearing. Nor did the defendants oppose the plaintiff's request for damages. Notwithstanding the lack of opposition by the defendants, the court had concerns regarding the plaintiff's request for damages. Specifically, the plaintiff did not provide sufficient documentation to support its request for $116,891.20 in outstanding interest and to support its contention that the outstanding interest amount was calculated in accordance with the terms of the adjustable rate note which provides for potential interest rate changes in six-month intervals. At the hearing, counsel for the plaintiff provided the court with additional documentation detailing the outstanding interest calculation. However, since the outstanding interest amount had increased after the filing of the brief in support of damages, counsel was directed to provide the court

with the most up-to-date calculation of that amount in a supplemental filing. (Doc. 60).

Also, the court found insufficient support for the plaintiff's request for attorney's fees and costs in the amount of $78,837.94. In particular, counsel failed to provide adequate documentation to support the request for attorney's fees and simply provided a spreadsheet indicating amounts billed on various dates for "litigation management fees". Thus, the court directed plaintiff's counsel to file detailed documentation reflecting the itemization of the amounts requested for attorney's fees and costs. (Id.).

In its July 15, 2015 order, the court also granted defense counsel's motion to withdraw as counsel. As such, defendants are now proceeding *pro se*.

On July 29, 2015, plaintiff's counsel filed his supplemental brief in support of damages along with documentation reflecting the current outstanding interest owed by the defendants as well as a detailed itemization supporting the request for attorney's fees and costs. (Doc. 62). The total in attorney's fees and costs currently requested by plaintiff is $96,941.14. Additionally, the supplemental brief indicates that Amy J. Bates owed a total of $116,891.20 in unpaid interest through June 18, 2015, and that the amount owed by Mrs. Bates in unpaid interest continues to accrue at a per diem rate of $35.38. Thus, as of July 29, it is alleged that Mrs. Bates owes an additional $1,450.58 in unpaid interest. Counsel also filed an amended certificate of

service indicating that his supplemental brief was served on each defendant. (Doc. 63). To date, neither defendant has responded to the plaintiff's supplemental brief in support of damages. As such, they are deemed as not opposing it.

## II. DISCUSSION

There is no dispute that plaintiff is entitled to damages for Mrs. Bates' default on the terms of the Franklin Note. In Zeno v. Ford Motor Co., Inc., 480 F.Supp.2d 825, 834 (W.D.Pa. 2007), the court stated:

> It is elementary that a plaintiff asserting a breach of contract claim under Pennsylvania law must "establish [three] elements: '(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages.'" Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (quoting CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa.Super.Ct. 1999)).

"To prove damages, a plaintiff must give a factfinder evidence from which damages may be calculated to a 'reasonable certainty.'" Ware v. Rodale Press, Inc., 322 F.3d 218, 225-26 (3d Cir. 2003) (quoting ATACS Corp. v. Trans World Communications, Inc., 155 F.3d 659, 668 (3d Cir. 1998)). "At a minimum, reasonable certainty embraces a rough calculation that is not 'too speculative, vague or contingent' upon some unknown factor." Id. (quoting ATACS Corp., 155 F.3d at 669 (quoting Spang & Co. v. United States Steel Corp., 519 Pa. 14, 545 A.2d 861, 866 (1988))). Under Pennsylvania law, some uncertainty with respect to the amount of damages

4

is allowed. ATACS Corp., 155 F.3d at 670. However, "[w]hile mathematical certainty is not required, the plaintiff must introduce sufficient facts upon which the jury can determine the amount of damages without conjecture." Delahanty v. First Pennsylvania Bank, N.A., 318 Pa.Super. 90, 464 A.2d 1243, 1257 (1983); see also Scully v. U.S. WATS, Inc., 238 F.3d 497, 515 (3d Cir. 2001).

Thus, plaintiff must present evidence upon which the factfinder could base a damages calculation to a reasonable certainty. The court now finds that plaintiff has met its burden with respect to proving its damages.

The Franklin Note provided that if Mrs. Bates failed to make any monthly payment of principal and interest: Mrs. Bates would be considered to be in default and the Note Holder would have the right to require her to pay the full amount of unpaid principal and all outstanding interest; for each overdue payment, Mrs. Bates would be required to pay a "late charge" equating to 5% of the overdue payment of principal and interest; and the Note Holder would have the right "to be paid back by [Mrs. Bates] for all of its costs and expenses in enforcing [the] Note, ... [including], reasonable attorneys' fees." (Doc. 57, Ex. 1, Declaration of Hunter Robinson & Ex. A). Plaintiff's evidence shows that Mrs. Bates failed to make the monthly payment of principal and interest that was due under the Note on June 1, 2007, and every month thereafter and failed to cure the default. (Robinson Declaration at ¶ 7).

The court now details the damages to which plaintiff is entitled from Mrs.

5

Bates due to her breach of the Franklin Note.

### A. Unpaid Principal and Outstanding Interest

In accordance with the Note, Plaintiff is entitled to the full amount of the principal that has not been paid and all the interest that Mrs. Bates owes on that amount. As directed, plaintiff provided the court with supplemental documentation regarding its requests for interest, attorney's fees and costs. (Doc. 62). Exhibit 1 to plaintiff's filing is the sworn Declaration of Daniel Leon, Second Assistant Vice President for Specialized Loan Servicing LLC ("SLS"), the loan servicing agent for the Note, detailing the interest rates charged to Mrs. Bates under the Note from November 1, 2008 through June 1, 2015. (Doc. 62, Ex. 1). Leon states that he has personal knowledge for his averments based on his review of the business records pertaining to this case. Leon avers that the Note provided for an initial interest rate of 9.5% and, stated that the rate could change on November 1, 2008 and every six months thereafter. Leon attaches to his Declaration a copy of the Note as well as the Rate Change History which shows the interests rates Mrs. Bates was charged under the Note from November 1, 2008 through June 1, 2015. (Doc. 62, Exs. A & B to Ex. 1).

The record shows that Mrs. Bates has paid only $495.22 in principal, and she owes a total unpaid principal balance of $164,004.78. (Doc. 62, Ex. A to Leon Declaration). The permitted interest rates under the Note when

6

applied to the unpaid principal balance amounts to a total of $116,891.20 in interest which Mrs. Bates owes to plaintiff through June 18, 2015. (Robinson Declaration at ¶ 9 & Doc. 62, Ex. A to Leon Declaration). Additionally, the amount Mrs. Bates owes in unpaid interest accrues from June 19, 2015 until the date of this decision at a per diem rate of $35.38.

### B. Late Charges

The Franklin Note provided that Mrs. Bates was obliged to pay a "late charge" for each overdue monthly payment and that the "amount of the charge will be 5.000% of [her] overdue payment of principal and interest." Plaintiff demonstrates that this rate applied to each of Mrs. Bates' overdue monthly payments since July 1, 2007 amounts to a total of $6,213.87 in late charges. (Robinson Declaration at ¶ 10 & Doc. 62-3).

### C. Costs and Expenses in Enforcing the Note

The Note provided that if Mrs. Bates defaulted, she would have to pay back all of the Note Holder's, i.e., plaintiff's, costs and expenses in enforcing the Note, including reasonable attorney's fees until this case is final. Additionally, plaintiff is entitled to recover the costs incurred to protect the collateral securing Mrs. Bates' loan, including: (1) $23,826.74 in escrow advances made by plaintiff to cover the cost of insurance, city and county real estate taxes, and school taxes that Mrs. Bates was obligated to pay as owner

of the Residential Property; and (2) $1,286.70 for property inspections of the Residential Property. (Robinson Declaration at ¶'s 11-12 & Doc. 62-3).

### D. Attorney's Fees

Since plaintiff enforced its rights under the Note through the filing of the instant case, it is entitled to its attorney's fees and legal costs. A mortgagee in Pennsylvania is entitled to recover reasonable expenses, including attorney's fees, on foreclosure. Citicorp Mortgage, Inc. v. Morrisville Hampton Vill. Realty Ltd. P'ship, 662 A.2d 1120, 1123 (Pa. Super Ct.1995) (citation omitted). As Exhibit 2 to its Doc. 62 supplemental brief, plaintiff submitted the Declaration of Francis X. Crowley, Esq., a partner in the law firm retained by plaintiff and SLS in this case, Blank Rome, LLP. Attached to Crowley's Declaration as Exhibit A are copies of the invoices for attorney's fees and costs that were submitted to plaintiff and SLS for legal services rendered in this case and for out-of-pocket expenditures. The detailed invoices comprise about 130 pages. As Crowley declares:

> The invoices attached in Exhibits A and B provide detailed, itemized breakdown of the services provided, including a description of the services, the identity of the attorneys and/or paralegal staff providing the services, the date the services were rendered, the amount of time expended on such service, the rates charged for the personnel providing the services and the amount charged for each such service. For out-of-pocket expenses, the invoices provide the date, purpose and amount of each such expense.

(Doc. 62, Ex. 2, Crowley Declaration at ¶ 7).

8

Crowley also includes in his Declaration the fee chart with hourly rates used by his law firm during the time of this case.

The invoices show that the total fees and costs submitted to plaintiff which already were charged to Mrs. Bates' account through June 15, 2015 amount to $78,837.94. (Doc. 62, Ex. A). The invoices also show that the total fees and costs submitted to SLS which will be charged to Mrs. Bates' account from June 30, 2015 to the present amount to $18,103.20. (Doc. 62, Ex. B).

The court has reviewed the invoices and is well aware of the history of this 2013 case. The court finds that all legal services rendered and all attorney's fees and costs charged in the invoices were reasonable and necessary, and properly charged for the representation of the plaintiff and SLS in this case.

### III.   CONCLUSION

Based on the record, and reviewing the undisputed evidence submitted by plaintiff, the court finds that: (1) the principal balance due on the Note is $164,004.78; (2) the interest due from May 1, 2007 to July 15, 2015 is $117,861.32; (3) the escrow advances made by plaintiff is $23,826.74; (4) cumulative late charges through July 6, 2015 are $6,213.87; (5) the property inspection fee is $1286.50; (6) the attorney's fees and costs submitted to plaintiff which already were charged to Mrs. Bates' account through June 15, 2015 are $78,837.94; and (7) the attorney's fees and costs submitted to SLS

which will be charged to Mrs. Bates' account from June 30, 2015 to the present are $18,103.20.

Judgment will be entered against defendant Amy J. Bates and in favor of plaintiff in the total amount of $410,134.35 plus continuing interest in the amount of $35.38 for each day until satisfaction. An appropriate order will issue.

s/ *Malachy E. Mannion*<br>
**MALACHY E. MANNION**<br>
**United States District Judge**

**Date: January 21, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-0690-03.wpd